# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **KIRA FLORECE** )<br>*on behalf of herself and others* )<br>*similarly situated*, )<br>  )<br>Plaintiff, )<br>  )<br>vs. )<br>  )<br>**JOSE PEPPER'S RESTAURANTS,** )<br>**LLC** and **EDWARD J.** )<br>**GIESELMAN**, )<br>  )<br>Defendants. ) | Case No.: 2:20-cv-02339 |

_____

## COMPLAINT
## Collective Action under Fair Labor Standards Act

Plaintiff Kira Florece, on behalf of herself and all others similarly situated, brings this action against Defendants Jose Pepper's Restaurants, LLC and Edward Gieselman for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for failing to pay minimum wage and overtime at one and one-half the regular rate of pay for all overtime hours worked within a workweek. Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated employees working as servers for Defendants at their thirteen (13) restaurant locations in Kansas and Missouri. For putative class members who worked in Missouri, Plaintiff also brings a class action claim pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated employees under Missouri's Minimum Wage Laws Mo. Rev. Stat. § 290.500, *et seq*., ("MMWL"). The following allegations are based on personal knowledge as to Plaintiff's experiences and are made on information and belief as to the acts and experiences of others similarly situated.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that this action is being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391 because both Defendants maintain numerous business locations within this district, Defendant Jose Pepper's Restaurant, LLC lists Kansas as its state of organization and its corporate office is located in Overland Park, Johnson County, Kansas; and Defendant Edward Gieselman resides and does business in this district.

3. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's state law claims because they are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

4. Defendant Jose Pepper's Restaurants, LLC is a limited liability company organized in the state of Kansas registered and in good standing in the State of Kansas with its principal place of business located at 105409 Marty Street, Ste. 100, Overland Park, Kansas 66212. Jose Pepper's Restaurants, LLC was organized by Defendant Edward J. Gieselman. Jose Pepper's Restaurants, LLC has a registered agent of: Edward J. Gieselman, 8400 W. 110th Street, Ste. 600, Overland Park, Kansas 66210. In filings with the Kansas Secretary of State, Defendant Edward J. Gieselman ("Gieselman") is identified as the only member who owns 5% or more of Jose Pepper's Restaurants, LLC. Upon information and belief, Defendant Jose Pepper's Restaurants, LLC was wholly owned by Defendant Gieselman.

2

5. Defendant Jose Pepper's Restaurants, LLC owns and operates nine restaurants in Kansas:[1] (i) Jose Pepper's Legends, LLC (d/b/a Jose Pepper's at the Legends); (ii) one located in Olathe, Kansas d/b/a Jose Pepper's Olathe; (iii) Jose Pepper's 143rd, LLC (d/b/a Jose Pepper's Overland Park #2); (iv) Jose Pepper's Topeka, LLC (d/b/a Jose Pepper's Topeka); (v) Jose Pepper's Wichita West, LLC (d/b/a Jose Pepper's Wichita West); (vi) Jose Pepper's Wichita East, LLC (d/b/a Jose Pepper's Wichita East); (vii) Jose Pepper's Midland, LLC (d/b/a Jose Pepper's Shawnee); (viii) one located in Overland Park, Kansas d/b/a Jose Peppers Overland Park #1; and (ix) Jose Pepper's Mission, LLC (d/b/a Jose Pepper's Mission).

6. Defendant Gieselman is an individual who currently resides in Johnson County, Kansas and can be served at 8400 W. 110th Street, Ste. 600, Overland Park, Kansas 66210. Gieselman is the sole owner of Jose Pepper's Restaurants, LLC.

7. In addition to owning Defendant Jose Pepper's Restaurants, LLC's nine restaurants, Gieselman owns and operates four restaurants in Missouri:[2] (i) Jose Pepper's Briarcliff, LLC (d/b/a Jose Pepper's Briarcliff); (ii) Jose Pepper's Liberty, LLC (d/b/a Jose Pepper's Liberty); (iii) Jose Pepper's Belton, LLC (d/b/a Jose Pepper's Belton); and (iv) Jose Pepper's Lee's Summit, LLC (d/b/a Jose Pepper's Lee's Summit).

8. All thirteen limited liability companies set forth in paragraphs 5-7 operated as a joint employer or single integrated enterprise under the FLSA.

9. Defendant Jose Pepper's Restaurants, LLC wholly owns the nine LLC restaurants in Kansas. Defendant Gieselman wholly owns the four LLC restaurants in Missouri. These thirteen Jose Pepper's restaurants shared employee services; would act in

---

[1] Listed on Jose Pepper's Restaurant, LLC's website, www.josepeppers.com/locations, it represents ownership of thirteen locations throughout the Kansas City metropolitan area.
[2] *See* footnote 1, *supra*.

3

the business interest of another; employees at all locations are not disassociated from one another due to a common control of all the locations by one common entity, Jose Pepper's Restaurants, LLC and one common individual, Gieselman; and all essential terms and conditions of employment are shared or co-determined.

10.     All thirteen locations identify the same corporate office at 105409 Marty Street, Ste. 100, Overland Park, Kansas 66212.  Plaintiff and all other similarly situated employees are covered by the same human resources policies and pay policies.  All payroll is processed through the same payroll company.

11.     At all relevant times herein, and for Plaintiff and other similarly situated employees at the thirteen restaurants listed above, Gieselman held the power to hire and fire; supervised and controlled work schedules and/or conditions of employment; determined rates and methods of pay including the responsibility to ensure compliance with the FLSA; and maintained employment records and/or held control over employment records at a centralized office.

12.     Defendants are engaged in interstate commerce and have gross annual sales made or business done of $500,000 per year or greater at all relevant times.

13.     Defendants are, and have been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

14.     Defendants are, and have been, an "employer" as defined in Mo. Rev. Stat. § 290.500(4).

15.     Plaintiff Kira Florece (hereafter "Plaintiff") resides in Peculiar, Missouri. Plaintiff worked for Defendants as an hourly nonexempt server from April 2019 through February 2020 at Jose Pepper's Belton located in Belton, Missouri.  Numerous other similarly situated hourly nonexempt server employees are employed by Defendants at the Belton

4

location and their other twelve restaurant locations. Plaintiff, and other similarly situated server employees, are current or former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

16. Plaintiff and others similarly situated have been employed by Defendants within two to three years prior to the filing of this lawsuit. *See* 29 U.S.C. § 255(a).

## FACTUAL ALLEGATIONS

17. As restaurant server employees of Defendants, Plaintiff, and others similarly situated, have the primary duties of servicing dining customers at Defendants' thirteen restaurants. This primary duty establishes Plaintiff, and others similarly situated, as being nonexempt and entitled to overtime pay under the FLSA and MMWL.

18. On a weekly basis throughout their employment with Defendants, Plaintiff, and others similarly situated, routinely worked in excess of forty hours per workweek without receiving proper minimum wage and overtime compensation as required under the FLSA and MMWL. Defendants have the following policies and practices at all thirteen locations that deny this minimum wage and overtime pay:

(1) Defendants required Plaintiff and other similarly situated employees to be present at work and perform work, but did not allow them to clock in until they begin serving their first customer, and were therefore, denied appropriate compensation for work performed;

(2) Defendants allowed Plaintiff and other similarly situated employees to work overtime if they did not clock in, which Plaintiff refused to do. Other similarly situated employees who did not clock in were, therefore, denied appropriate compensation for work performed;

(3) Defendants removed overtime hours that were reported by Plaintiff and other similarly situated employees from Defendants' time keeping system and were, therefore, denied appropriate compensation for work performed; and

(4) Defendants requested that Plaintiff and other similarly situated employees report overtime hours worked as regular hours under another employee's name, which Plaintiff refused to do. Other similarly situated employees who clocked in under other employees' names were, therefore, denied appropriate compensation for work performed.

5

19. Regarding the policies set forth in paragraph 18, Defendants' timekeeping system's data should reflect the weeks where overtime was reported by Plaintiff and similarly situated employees and was later removed by Defendants.

20. Through Plaintiff's interactions with other similarly situated employees, they also experienced Defendants' policies and practices as set forth in paragraph 18.

21. The FLSA requires covered employers such as Defendants to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.  Defendants' policies and practices as alleged herein violate the FLSA in that Defendants knowingly allowed, permitted and/or required Plaintiff, and others similarly situated, to perform work "off the clock" which, in turn, denied minimum wage and overtime pay in violation of the FLSA and MMWL.

22. Defendants' conduct was willful and in bad faith.  Defendants were aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of the correct minimum wage and overtime compensation for all hours actually worked, and that the policies and practices set forth in paragraph 18 denied them of the compensation required under the FLSA.

23. Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff and others similarly situated as required by law.

## COUNT I
## FLSA COLLECTIVE ACTION

24. Plaintiff, on behalf of herself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

25. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at minimum wage and overtime at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

6

26. Plaintiff files this action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. §216(b). The proposed collective class for the FLSA claims is defined as follows:

> All persons who worked as hourly nonexempt servers at Defendants' thirteen restaurant locations identified in paragraphs 5 and 7 within three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

27. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b), for all claims asserted by Plaintiff because the claims of Plaintiff are similar to those of the FLSA Collective.

28. During the applicable statutory period, Plaintiff and the FLSA Collective were routinely denied minimum wages and routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation at the proper overtime rate of pay for their overtime hours worked in violation of the FLSA.

29. Plaintiff, and the FLSA Collective, are similarly situated in that they were all subject to Defendants' policies and procedures, as set forth in paragraph 18.

30. Defendants are liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for minimum wages and overtime pay owed.

31. Plaintiff and the FLSA Collective are victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for, the fact that their compensation practices were in violation of these laws.

33. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective under § 216(b) of the FLSA are entitled to liquidated damages and attorneys' fees and costs incurred in connection with enforcing this claim.

34. Plaintiff and the FLSA Collective have suffered from Defendants' common policies and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendants finding they failed to properly pay Plaintiff and those similarly situated overtime at the correct overtime rate of pay for all overtime hours worked as required under the FLSA;

c) Judgment against Defendants for Plaintiff and those similarly situated for damages for unpaid minimum wage and overtime pay;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendants' violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j)   All further relief as the Court deems just and equitable.

## COUNT II
## RULE 23 CLASS UNDER MISSOURI WAGE LAWS

35.   Plaintiff, on behalf of herself and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

36.   Plaintiff brings her MMWL claim as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All persons who worked as hourly nonexempt servers at Defendants' four restaurant locations in the State of Missouri identified in paragraph 7 within three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

37.   The MMWL, Mo. Rev. Stat. §290.505.1 requires that all employers shall pay employees minimum wage and nothing less than one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.

38.   Defendants violated the MMWL by failing to compensate Plaintiff and Missouri Class members with minimum wages and the overtime pay rate of one and one-half times their regular pay rate for hours worked in excess of forty per workweek as set forth in paragraph 18, *supra*.

39.   Class action treatment of Plaintiff's MMWL claim is appropriate because, as alleged in paragraphs 40-45 *infra*, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

40.   The Missouri Class includes over fifty individuals and, as such, is so numerous that joinder of all class members is impracticable.

41.   Plaintiff is a member of the Missouri Class, and her MMWL claim is typical of the claims of other Missouri Class members.  For example, Plaintiff and the Missouri Class members share an identical legal and financial interest in obtaining a judicial finding that

9

Defendants violated the MMWL when they failed to pay servers minimum wage overtime compensation for hours worked over 40 in a single workweek. Plaintiff has no interests that are antagonistic to or in conflict with the Missouri Class's collective interest in obtaining such a judicial finding.

42. Plaintiff will fairly and adequately represent the interests of the Missouri Class, and she has retained competent and experienced counsel who will effectively represent the interests of the Missouri Class.

43. Questions of law and fact are common to the class. Plaintiff and the Missouri Class have been subjected to the common business practices described in paragraphs 18 and 38 *supra*, and the success of their claims depends on the resolution of common questions of law and fact. Common questions of fact include whether Defendants paid minimum wages and any overtime premium for hours worked in excess of forty per work week and whether Plaintiff and the Missouri Class worked in excess of forty hours per work week. Common questions of law include, *inter alia*, whether Defendants' company-wide practice of failing to pay servers minimum wages and overtime pay violated the MMWL.

44. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Missouri Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Missouri Class members.

45. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 43 *supra*, predominate over any questions affecting only individual Missouri Class members. In the absence of class litigation, such common questions of law and fact would need to be resolved

in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

46. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Missouri Class have suffered, and will continue to suffer, a loss of income in the form of lost overtime pay. In turn, under Mo. Rev. Stat. § 290.527, Plaintiff and the Missouri Class are entitled to liquidated damages, attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and the Missouri Class, pray for relief as follows:

a) Designation of this action as a class action under FED. R. CIV. P. 23 on behalf of the Missouri Class and issuance of notice to said members apprising them of the pendency of this action;

b) Designation of Kira Florece as Representative Plaintiff of the Missouri Class;

c) Designation of Donelon, P.C. and Boulware Law LLC as the attorneys representing the Missouri Class;

d) A declaratory judgment that the practices complained of herein are unlawful under the MMWL;

e) An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f) An award of damages for overtime and minimum wage compensation due to Plaintiff and Missouri Class, including liquidated damages allowed under the MMWL to be paid by Defendants;

g) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h) Pre-Judgment and Post-Judgment interest, as provided by law; and

i) Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**DEMAND FOR JURY**

Plaintiff in the above captioned matter hereby demands a jury for all claims set forth herein.

**LOCATION OF TRIAL**

The location of this trial should be Kansas City, Kansas.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, KS 17420
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:  (816) 221-7100
Fax:  (816) 709-1044
brendan@donelonpc.com

BOULWARE LAW LLC

  /s/ Erin D. Lawrence
Brandon J.B. Boulware    KS # 25840
Erin D. Lawrence          KS # 25153
1600 Genessee, Suite 416
Kansas City, MO 64102
Tel: (816) 492-2826
Fax: (816) 492-2826
brandon@boulware-law.com
erin@boulware-law.com


ATTORNEYS FOR PLAINTIFF

12