THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KIRA FLORECE,** ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:20-cv-02339-JWB-ADM |
| **JOSE PEPPER'S RESTAURANTS,** ) | |
| **LLC** and **EDWARD J. GIESELMAN,** ) | |
| Defendants. ) | |

## **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendants Jose Pepper's Restaurants, LLC ("Jose Pepper's") and Edward Gieselman ("Gieselman") (collectively "Defendants"), pursuant to Local Rule 37.1, submit this Memorandum in Opposition to Plaintiff's Motion to Compel [Doc. 31] (the "Motion").

**I.     INTRODUCTION**

Jose Pepper's operates thirteen restaurant locations in Kansas and Missouri. Plaintiff was employed as a server at *only one* location in Belton, Missouri. Plaintiff has failed to plead sufficient facts suggesting she is similarly situated to the putative class members she purports to represent, or that individuals working at other restaurant locations were not appropriately compensated. Instead, as identified within Defendant's Motion to Dismiss [Doc. 9], Plaintiff's Complaint improperly relies upon purely conclusory allegations. The discovery at issue is a fishing expedition undertaken to rectify the deficiencies in Plaintiff's Complaint, and find an appropriate class representative. As outlined within *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539–40 (9th Cir. 2020), and other cases cited herein, this is improper and runs afoul of the 2015 amendments to the Federal Rules of Civil Procedure. Thus, this Court should deny Plaintiff's Motion, because Plaintiff has failed to prove the information sought is relevant, or that the discovery is properly tailored to meet the needs of the case. Alternatively, the Court should withhold ruling on the requested discovery until after a determination is issued regarding Defendant's pending Motion to Dismiss.

1

**II.     ARGUMENT**

Rule 26(b)(1) limits the scope of discovery to only those matters which are "relevant to the party's claims." *See* Fed. R. Civ. P. 26(b)(1). The 2015 amendments to the Federal Rules fundamentally changed the discovery process and increased the importance of relevance in an attempt "to deal with the problem of over discovery." *See id.* advisory committee's note to 2015 amendment. Here, Plaintiff seeks (a) a global class list although she only worked at one location and a class has not been certified; (b) information regarding managers whom she cannot contact and have no class certification information; and (c) *every* complaint to *any* manager by *any* nonexempt hourly employee regardless of position or the relevance of the complaint.

**A.     Plaintiff's request for a global class list should be denied, because the names and contact information of putative class members is irrelevant prior to class certification.**

Plaintiff fails to show how a global class list is relevant to her claim. Months ago, the 9th Circuit outlined in detail why defendants are not required to produce identifying information of putative class members prior to class certification, holding that "discovery of the name of a class member . . . *is not relevant* within the meaning of Rule 26(b)(1)." *Williams-Sonoma, Inc.*, 947 F.3d at 539–40 (emphasis added). Importantly, the District of Kansas has already recognized this case, and the viability of a relevancy objection to the pre-certification production of a class list. *In re EpiPen (Epinephrine Injection, USP) Marketing, Sale Pracs. & Antitrust Lit.*, No. 17-md-2785-DDC, 2020 WL 2836954 (D. Kan. June 1, 2020) (citing *Williams-Sonoma*, 947 F.3d at 539–40) ("had plaintiffs tried to secure the EpiPen prescription information during discovery—before the court has issued its certification decision—defendants and the subpoenaed parties likely would have responded with relevance objections.").

2

Further, in 2013, Magistrate Judge Sebelius held that precertification discovery should be limited to only the locations where named plaintiffs worked. *Griffin v. The Home Depot USA, Inc.*, No. 11-2366-RDR, 2013 WL 1304378, at *4 (D. Kan. Mar. 28, 2013).[1] The *Griffin* court found in favor of the defendant, because—like here—plaintiffs' claims only included conclusory allegations of a pattern or practice, but did not indicate a company-wide policy or plan issued by defendant. *Id.*

It is six months after filing her claim, and there is still only one plaintiff participating in the litigation. Plaintiff was employed by Jose Pepper's for ten months and worked under one manager. In Plaintiff's Initial Disclosures, she *only* identified individuals who worked at the Belton Jose Pepper's. Additionally, Plaintiff has specifically alleged that she did not suffer harm from the same alleged policies or practices which harmed other members of the putative class. *See* Doc. 1, Plaintiff's Complaint at ¶ 18. Defendants have a Motion to Dismiss pending before this Court because Plaintiff has failed, and continues to fail, to demonstrate any plausibility to her claims or that she suffered the harm alleged. Further, every case cited by Plaintiff is easily distinguishable from the present case and therefore have little persuasive value.[2] As such, this request for a global

---

[1] *See Miller v. Yuasa-Exide, Inc.*, No. 94-1307-MLB, 1995 WL 606807, at *1 (D. Kan. July 17, 1995) ("When employment decisions were made locally, discovery may be properly limited to the employing unit."); *Epling v. UCB Films, Inc.*, Nos. CIV.A 98-4226-SAC, 2000 WL 1466216, at *6 (D. Kan. Aug. 7, 2000)(finding that a request for all applicants' identities was overbroad and sought irrelevant information); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978); *Dubin & Dubin LLP v. Mayorga*, No. 13-MC-21S, 2013 WL 3989550, *4–5 (W.D. N.Y. 2013) (recommending quashing of subpoena served by plaintiff seeking names and contact information of putative class members prior to class certification); *Drossin v. National Action Financial Services, Inc.*, No. 07-61873-CIV, 2008 WL 5381815, *3 (S.D. Fla. 2008); (denying the discovery of identifying information of potential class members).

[2] Plaintiff first looks to *In re Bank of America Wage & Hour Employment Pracs. Lit*, 275 F.R.D. 534 (D. Kan. 2011). That case had multiple plaintiffs in the litigation from many different states, whereas here there we have one Plaintiff who worked at only one Jose Pepper's location. *Id.* Plaintiff next relies on *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631 (D. Kan. 2012). There, defendant "fail[ed] to support the bulk of its objections." *Id.* This is markedly different than this case where Defendants not only provided specific and detailed objections, but also included case law supporting the objections. Plaintiff then turns to *Cady v. R&B Servs.-Wichita, LLC*, No. 13-1331-KHV, 2014 WL 1309089, at *4 (D. Kan. Apr. 1, 2014). *Cady* has the least amount of bearing on this case, because discovery was not bifurcated as it is here, therefore, the line between class certification and merits-based discovery did not exist. *Id.* In *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672–73 (D. Kan. 2003), plaintiff had limited the discovery requests to *only* employees working in *one* location. Here, Plaintiff makes an overbroad and irrelevant request seeking global discovery, which was not permitted in *Hammond*.

class list is merely a fishing expedition to find a substitute representative and additional clients for opposing counsel. Both of these motives are impermissible, and this request should be denied.

   **B. Plaintiff's request for a list of managers should be denied, because these managers have no information related to class certification, and the request is premature.**

Plaintiff provides no reason as to why information regarding managers is relevant to her claims, or that these individuals possess any information relevant to class certification. In *EEOC v. Unit Drilling Co.*, No. 13-CV-147-TCK, 2014 WL 11532289, at *4 (N.D. Okla. May 9, 2014), the court denied discovery of site managers' identities, because managers with whom the plaintiffs did not interact were irrelevant to the litigation. Similarly, here Plaintiff has provided no evidence that she interacted with managers at other Jose Pepper's locations. Defendants have already supplied information related to Plaintiff's manager.

Plaintiff admits she is seeking this information solely because the "managers' testimony could easily support the Plaintiff's allegations." Doc. 31, at 4. This is directed at the merits of the case, not at obtaining class certification. Further, managers employed at various Jose Pepper's locations are considered Defendants and Plaintiff cannot speak to them. At this stage of litigation, there is no reason Plaintiff would need the requested information. Therefore, this request should be denied.

   **C. Plaintiff's request for every complaint, regardless of the employee's position, should be denied, because it requests information which is not relevant, and is overbroad in scope.**

Plaintiff makes a blanket request for information regarding whether "*any* nonexempt hourly employee made *any* complaints, whether formal or informal, whether written or oral, to management of Defendant regarding an alleged failure by Defendant to pay for time worked" for

a period of five years. *See* Doc. 31-1, at 1. This request is overbroad, not properly limited in temporal scope,[3] and seeks information irrelevant to class certification.

Plaintiff claims only servers were impacted by the alleged pay policies, but requests information for *all* hourly employees, even though those individuals have absolutely no bearing on class certification and cannot support the "similarly situated" factor.

In her Motion, Plaintiff states that hourly employees complaining about working off the clock is "certainly relevant." Doc. 31, at 5. Defendants disagree, and, more importantly, this is not the information sought in her interrogatory. In reality, Plaintiff requests information concerning *any* complaints regarding "failure to pay for time worked." This could include a whole host of complaints, including compensation not covered by the FLSA.[4] Plaintiff claims this information is "important," but provides no support for this conclusory statement. Plaintiff cannot articulate why this discovery is important, because information related to individuals outside the putative class associated with concerns unrelated to the policies or practices identified within the Complaint are irrelevant. *Riley v. PK Mgmt., LLC*, No. 18-cv-2337-KHV, 2019 WL 1509859, at *3 (D. Kan. Apr. 5, 2019) (denying discovery of information related to "important questions" because plaintiffs failed to support why the information was required).

**WHEREFORE**, Defendants respectfully request this Court deny Plaintiff's Motion, or, alternatively, forego ruling on Plaintiff's Motion until Defendants' Motion to Dismiss is resolved.

---

[3] Plaintiff requests five years of undocumented complaints, which far exceeds the time period in which a claim could be brought. *Long v. Landvest Corp.*, No. Civ.A. 04-2025-CM, 2006 WL 897612, at *7 (D. Kan. Mar. 31, 2006) (limiting discovery in an FLSA claim to a three-year period, mirroring the FLSA statute of limitations).

[4] For example, the FLSA does not permit claims for gap time or straight time so long as the employee was being paid at least the minimum wage. *Taylor v. McLane Foodservice, Inc.*, No. 12-2697-JWL, 2013 WL 943531, at *3 (D. Kan. Mar. 11, 2013).

5

Dated:  January 8, 2021                              Respectfully submitted,

                                                    **HUSCH BLACKWELL LLP**

                                                    */s/ Tyler C. Hibler*
                                                    Tyler C. Hibler          KS Bar #23795
                                                    Jessica L. Barranco     KS Bar #78910
                                                    4801 Main Street, Suite 1000
                                                    Kansas City, Missouri  64112
                                                    Telephone: (816) 983-8000
                                                    Facsimile:  (816) 983-8080
                                                    tyler.hibler@huschblackwell.com
                                                    jessica.barranco@huschblackwell.com

                                                    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and accurate copy of the foregoing was forwarded this 8th day of January, 2021 via Electronic Mail and the Court's electronic (ECF) notification system to:

Brendan J. Donelon
DONELON, P.C.
4600 Madison, Ste. 810
Kansas City, Missouri 64112
Tel:  (816) 221-7100
Fax:  (816) 709-1044
brendan@donelonpc.com

Brandon J.B. Boulware
Erin D. Lawrence
BOULWARE LAW LLC
1600 Genessee, Suite 416
Kansas City, MO 64102
Tel:  (816) 492-2826
Fax:  (816) 492-2826
brandon@boulware-law.com
erin@boulware-law.com

**ATTORNEYS FOR PLAINTIFF**

                                                    */s/ Tyler C. Hibler*
                                                    Attorney for Defendants