## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **KIRA FLORECE** )<br>*on behalf of herself and others* )<br>*similarly situated*, )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>**JOSE PEPPER'S RESTAURANTS,** )<br>**L.L.C.** and **EDWARD J.** )<br>**GIESELMAN**, )<br>  )<br>  Defendants. )<br>_____ | Case No.:  2:20-cv-2339 |

## STIPULATION OF SETTLEMENT
## AGREEMENT AND RELEASE

This Stipulation of Settlement Agreement and Release (this "Settlement Agreement") is entered into between Kira Florece as the Named Plaintiff and Class Representative of the Collective Class Members and Rule 23 Class Members (as defined in Sections 1.7 and 1.26, below) (hereafter the "Named Plaintiff," "Class Representative" or "Florece"), represented by her attorneys Brendan J. Donelon of Donelon, P.C. and Brandon Boulware and Erin Lawrence of Boulware Law, and Defendants Jose Pepper's Restaurant, LLC ("Jose Pepper's") and Edward J. Gieselman ("Defendants"), represented by their attorney Tyler C. Hibler of Husch Blackwell, LLP.

WHEREAS, the Named Plaintiff filed a Complaint on July 7, 2020 against the Defendants, on behalf of herself and all others similarly situated, for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for failing to pay minimum wage and overtime at one and one-half the regular rate of pay for all overtime hours worked within a workweek.  Named Plaintiff's FLSA claims were asserted as a

collective action pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated employees working as servers for Defendants at their thirteen (13) restaurant locations in Kansas and Missouri.  For putative class members who worked in Missouri, Named Plaintiff also brought a class action claim pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of other similarly situated employees under Missouri's Minimum Wage Laws, Mo. Rev. Stat. § 290.500, *et seq*., ("MMWL") for failing to pay minimum wage and overtime at one and one-half the regular rate of pay for all overtime hours worked within a workweek.

WHEREAS, on March 18, 2021, after receiving leave from the Court, the Plaintiff filed a First Amended Complaint.  (Doc. #58).  Regarding the FLSA Collective Class Members and the MMWL Rule 23 Class Members, Plaintiff pleaded additional factual allegations regarding their claims.  In particular, the Plaintiff amended ¶ 18 of the Complaint to add sub-paragraph (5) alleging the Defendants' failed to compensate servers for minimum wages and overtime during the COVID-19 pandemic.  Plaintiff also added ¶ 22 in the Amended Complaint for alleged claims related to Defendants' violation of the FLSA § 203(m)(2)(A)(ii) and related regulation (29 C.F.R. § 531.59(b)) regarding properly informing tipped employees of the law's requirements.

WHEREAS, Defendants deny they owe any unpaid wages or overtime compensation to Named Plaintiff or any other persons including, but not limited to the Collective Class Members and Rule 23 Class Members, deny the Collective Class Members or Rule 23 Class Members are similarly situated or meet the requirements of Rule 23, deny they have violated the FLSA, MMWL or any other law, rule, or regulation relating to the payment of compensation, and maintain they have at all times properly compensated the Named Plaintiff and all other persons including, but not limited to, the Collective Class Members and Rule 23 Class Members; and

WHEREAS, the Named Plaintiff and Defendants have exchanged initial factual disclosures, conducted initial discovery, deposed the Named Plaintiff, and engaged experts to review voluminous time keeping records and pay data to prepare reports, and such discovery has enabled each party to understand and assess the detail and substance of their respective claims and defenses; and

WHEREAS, a bona fide dispute exists between the Named Plaintiff and Defendants as to the amount, if any, of wages and overtime compensation owing to the Named Plaintiff and Collective Class Members and Rule 23 Class Members; and

WHEREAS, on or about May 21, 2021, after a full day mediation session and continued work with the mediator, the Parties reached agreement on the material terms of a settlement resolving the Named Plaintiff's, the Collective Class Members', and the Rule 23 Class Members' claims, which are now being memorialized in this Agreement.

NOW, THEREFORE, in consideration of the mutual promises and agreements hereinafter set forth, it is hereby stipulated and agreed by and between the Named Plaintiff and Defendants that:

## I.    <u>DEFINITIONS</u>

The terms defined below shall have the meanings set forth in this Section wherever used in this Agreement and its exhibits, including the Notice (as defined in Section 1.17, below).

1.1    "Agreement" means this Stipulation of Settlement Agreement and Release and the terms outlined therein.

1.2    "Civil Action" means the above-captioned action.

1.3    "Claim and Release Form" means the two forms agreed upon by the Parties and approved by the Court, that are to be completed by the Collective Class Members or the Rule 23

Class Members to opt-into or opt-out of this Settlement.  Such forms accompany the Notice (as defined in Section 1.17, below) and are attached hereto as part of Exhibit B.

1.4     "Claim Deadline" means the date that occurs forty-five (45) days after the date Notice is mailed to the Collective Class Members and Rule 23 Class Members, which is the date by which Collective Class Members and Rule 23 Class Members must return a completed Claim and Release Form.  If this date is on a Saturday, Sunday, or federally recognized holiday, the Claim Deadline shall be the following business day.

1.5     "Class Counsel" means attorney Brendan J. Donelon of DONELON, P.C. and Brandon Boulware and Erin Lawrence of BOULWARE LAW.

1.6     "Class Representative" means Kira Florece.

1.7     "Collective Class Members" are defined as the hourly nonexempt servers employed by Defendants from May 21, 2018 through May 21, 2021 who worked primarily at Jose Pepper's nine restaurants located in the state of Kansas.

1.8     "Court" means the United States District Court for the District of Kansas.

1.9     "Covered Period" means the time frames for compensation set forth under the definitions for the Collective Class Members and Rule 23 Class Members.

1.10     "Defense Counsel" means HUSCH BLACKWELL, LLP.

1.11     "Fairness Hearing" means the hearing set by the Court in the Preliminary Approval Order whereby the Collective Class Members and Rule 23 Class Members are permitted to present any objections to this Settlement Agreement.

1.12     "Final Approval Date" means the date the Court enters its Final Approval Order (as defined in Section 1.13, below).

1.13     "Final Approval Order" means any order issued by the Court after the Fairness Hearing which grants final approval of the Settlement, authorizes the distribution of payments to Class Counsel, Named Plaintiff, Participating Class Members (as defined in Section 1.19,

below), and the Third Party Administrator, under the terms forth herein, and dismisses with prejudice the Participating Class Members' Released Claims against the Released Parties.

1.14    "Gross Settlement Fund" means the total amount of settlement money that can possibly be paid by Defendants under this Settlement Agreement.   The amount of the Gross Settlement Fund is $1,750,000.00.

1.15    "Named Plaintiff" means Kira Florece.

1.16    "Net Settlement Fund" is the amount that represents the Gross Settlement Fund after deduction of: (a) Court approved attorneys' fees, expenses, and costs as set forth in Section 3.1, (b) payment for the Third Party Administrator's (as defined in Section 1.28, below) costs and expenses, and (c) the service award to Named Plaintiff as set forth in Section 4.2.

1.17    "Notice" means the notices sent to the Collective Class Members and the Rule 23 Class Members, and their related Claim and Release Forms, all attached hereto as Exhibit B, which have been approved by the Parties and are subject to the approval of the Court.

1.18    "Parties" means the Named Plaintiff, Collective Class Members, Rule 23 Class Members, and Defendants.

1.19    "Participating Class Member" means the a Collective Class Member or Rule 23 Class Member who returns their Claim and Release Form by the Claim Deadline indicating their decision to participate and receive payment under the terms of this Settlement.

1.20    "Payment Deadline" means the date that falls thirty (30) days after the Court enters its Final Approval Order.

1.21    "Plan of Allocation" is the method by which the amount owed under this Settlement is determined by Named Plaintiff's expert witness, Dr. Liesl Fox, Ph.D. for each Collective Class Member and Rule 23 Class Member—the description of which has been set forth in Section 4.1.

1.22    "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order (as defined in Section 1.23, below).

1.23 "Preliminary Approval Order" means any order issued by the Court granting conditional collective class certification under § 216(b) of the FLSA and conditional class certification under Rule 23; and which grants preliminary approval of the Settlement; and which authorizes the distribution of the Notices attached hereto as Exhibit B to the Collective Class Members and Rule 23 Class Members; and which preliminary approves the allocation of the Gross Settlement Fund as set forth herein; and which sets a date for a final Fairness Hearing before the Court (the Parties' courtesy copy to be provided to the Court is attached hereto as Exhibit A).

1.24 "Released Claims" means any and all wage and hour and wage payment claims of whatever nature that the Named Plaintiff and any Collective Class Member or Rule 23 Class Member may have against any of the Released Parties (as defined in Section 1.25, below), whether known or unknown, as a result of actions or omissions through and including the Claim Deadline, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including, but not limited to, the FLSA, the MMWL, the Kansas Wage Payment Act, and any other federal, state, or local wage and hour or wage payment laws, including any and all claims thereunder for unpaid overtime, liquidated damages, unpaid wages, deductions, minimum wages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, missed meal periods, missed rest breaks, breach of contract, quantum meruit or retaliation related to wage claims, the prompt pay laws of any state, and other alleged wage and hour violations, and any claims related to the Employment Retirement Income Security Act of 1974, as amended ("ERISA").

1.25 "Released Parties" means Defendants Jose Pepper's Restaurants, LLC, Jose Pepper's Legends, LLC, Jose Pepper's Grill, Inc., Jose Pepper's 143rd, LLC, Jose Pepper's Topeka, LLC, Jose Pepper's Wichita 1, LLC, Jose Pepper's Wichita West, LLC, Jose Pepper's Midland, LLC, Jose Pepper's Inc., Jose Pepper's Mission, LLC, Jose Pepper's Briarcliff, LLC, Jose Pepper's Liberty, LLC, Jose Pepper's Belton, LLC, Jose Pepper's Lee's Summit, LLC and

6

Edward J. Gieselman and their predecessors, successors, and present, future and former affiliates, parents, subsidiaries, insurers, officers, directors, board members, attorneys, agents, representatives, employees, and assigns,  including, without limitation, any investors, trusts, or other similar or affiliated entities and all persons acting by, through, under, or in concert with any of them, including any party that was or could have been named as a defendant in this action.

1.26    "Rule 23 Class Members" are defined as the hourly nonexempt servers employed by Defendants from July 7, 2017 through May 21, 2021 who worked primarily at Jose Pepper's four restaurants located in the state of Missouri.

1.27    "Settlement Agreement" or "Settlement" means this Stipulation of Settlement Agreement and Release and the terms outlined therein.

1.28    "Third Party Administrator" ("TPA") means Simpluris, Inc. selected by the Parties that is responsible for mailing the Notices, collecting the Claim and Release Forms, establishing a trust account for the purposes of collecting funds from Defendants to effectuate the terms of this Settlement, making payments to the Participating Class Members under the terms of this Agreement, making payments to Class Counsel under the terms of this Agreement, making all necessary payments of employer and employee payroll taxes, and issuing IRS Forms W-2 and 1099 to the Participating Class Members and Class Counsel.

## II.    RECITALS

2.1    Defendants employ non-exempt, hourly restaurant server employees at thirteen locations in the states of Missouri and Kansas that operate under the name "Jose Pepper's."

2.2    Class Counsel conducted a thorough investigation into the facts of the Civil Action, including the discovery of documents concerning employment policies and procedures related to the allegations of the Named Plaintiff on behalf of the Collective Class Members and Rule 23 Class Members, a review of human resources files, Defendants' employment practices and policies, and the review of calculations regarding time clock and payroll data. Class Counsel diligently pursued an investigation of the Named Plaintiff's, Collective Class Members', and

Rule 23 Class Members' claims against Defendants by interviewing class members, obtaining declarations, and retaining an expert witness.  Based on their investigation and evaluation, the Named Plaintiff and Class Counsel are of the opinion that the terms set forth in this Settlement Agreement are fair, reasonable, and adequate and in the best interests of the Collective Class Members and Rule 23 Class Members in light of all known facts and circumstances, including the risk presented by the defenses asserted by Defendants, the risk of not obtaining certification of classes under § 216(b) of the FLSA and Rule 23, the risks of decertification, the risk of summary judgment, and the delays associated with the litigation, trial and an appeal process, and ultimately the risks of collecting any awards against the Defendants.  Defendants are aware of the opposing risks of each of these situations, and the potential exposure they face if unsuccessful in defeating collective or class certification, and ultimately losing at trial and on appeal.

2.3    It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims arising from or related to the Civil Action.

2.4    It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release by the Named Plaintiff and Participating Class Members of the Civil Action and the Released Claims against the Released Parties.

2.5    Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Civil Action.

2.6    This Agreement is a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties or the Released Parties.  The Parties further acknowledge and agree that neither this Agreement nor the Settlement shall be used to suggest an admission of liability in any dispute that any of the Parties may have now or in the future with respect to any person or entity.  Neither this Agreement, anything in it, nor any part of the negotiations that occurred in connection with the creation of this Settlement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal

8

proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement.

## III.   ATTORNEYS' FEES, LITIGATION COSTS, AND SETTLEMENT ADMINISTRATION COSTS

3.1     Subject to Court approval of this Settlement Agreement, the Defendants will pay Class Counsel $577,500.00 for attorneys' fees (representing 33% of the Gross Settlement Fund) and an estimated $13,154.33 for expenses and costs incurred by Class Counsel in the prosecution of the Collective Class Members' and Rule 23 Class Members' claims in this Civil Action.  In the Named Plaintiff's motion for approval of the attorneys' fees, costs, and expenses regarding this Settlement, Named Plaintiff will move the Court to require payment of the fees, expenses, and costs to Class Counsel within twenty-one (21) days of the later of: (a) the Final Approval Date, or (b) receipt by the TPA of taxpayer identification numbers via executed W-9 forms from Class Counsel.  Defendants will not oppose the Named Plaintiff's motion for approval of attorneys' fees, expenses and costs as represented herein.  The TPA shall issue an IRS Form 1099 for the payments to Class Counsel set forth in this paragraph in the normal course of business, and any and all taxes relating to the payments described in this paragraph shall be the sole responsibility of Class Counsel.  Class Counsel agrees to indemnify and hold harmless Defendants and the Released Parties for any taxes due or owing by Class Counsel, the Collective Class Members, or Rule 23 Class Members on any payments hereunder.  Payment for the attorneys' fees, costs, and expenses outlined herein shall come from the Gross Settlement Fund.

3.2     Payment for the services provided by the TPA set forth in this Agreement shall come from the Gross Settlement Fund.

3.3     Except for the fees, costs, and other expenses expressly set forth in this Section 3, the Parties shall bear responsibility for their own fees, costs, and expenses incurred by them or arising out of the litigation associated with this Civil Action, and will not seek reimbursement thereof from any other party to this Agreement or the Released Parties.

IV.   **ALLOCATION OF THE NET SETTLEMENT FUND**

4.1     The allocated potential payment to each Collective Class Member and Rule 23 Class Member shall be paid a pro-rated portion of the Net Settlement Fund based on the minimum wage and overtime compensation allegedly due to the Collective Class Members and Rule 23 Class Members as determined by Named Plaintiff's expert witness, Dr. Liesl Fox, Ph.D. These respective amounts shall be adopted by Defendants as the offer of settlement to each Collective Class Member and Rule 23 Class Members.   In determining the amount of compensation allegedly due to each of these persons, Dr. Fox analyzed the payroll data provided by Defendants for the Collective Class Members and the Rule 23 Class Members.   Dr. Fox applied an average amount of time each person allegedly worked off the clock each shift to this data,[1] and from this, Dr. Fox determined minimum and overtime wages owed for off the clock work.   Dr. Fox determined amounts owed due to alleged errors in Defendants' pay calculations reflected in its data.   Dr. Fox also determined the amount of minimum wages owed each person if Defendants were not allowed to apply a minimum wage tip-credit.   These amounts were assigned to each Collective Class Member and Rule 23 Class Member for their Covered Periods. The amount determined by Dr. Fox owed to each of the Collective Class Members and Rule 23 Class Members will be pro-rated against the Net Settlement Fund to determine the individual's gross payment under this Settlement.   However, prior to this pro-ration, Dr. Fox will apply a multiplier of 1.3 to Rule 23 Class members.   The reason for this multiplier is based upon these claims being asserted under the MMWL.   Unlike the FLSA claims applying to the Collective Class Members at Kansas locations, the MMWL applying to Missouri locations has a required three-year statute of limitations (opposed to the FLSA's two-year—three years only after proving a "willful" violation) and mandates treble payment as liquidated damages (as opposed to the FLSA's double damages that are subject to a "good faith" defense).   For these reasons, a multiplier of 1.3 applied to the Rule 23 Class Members' damages reflects the greater value of their claims under the MMWL compared to the FLSA.   Under this Plan of Allocation, and

---

[1] The time utilized for these calculations was 30 minutes per shift as an applied average to all such persons.

making pro-rated adjustments as necessary, no gross payment to any Collective Class Member or Rule 23 Class Member will be less than fifty dollars ($50.00).

4.2     For her service to Collective Class Members and Rule 23 Class Members, and in recognition of the benefit she created, the Named Plaintiff will move the Court for an order to receive a service award in the amount of $2,000.00.   The Defendants will not oppose this request.  This amount shall be paid by the Payment Deadline, shall be in addition to any payment made to Named Plaintiff pursuant to Section 4.1 and will be administered from the Gross Settlement Fund.   An IRS Form 1099 shall be issued for this service award in the normal course of business, and any and all taxes relating to such payments shall be the sole responsibility of Named Plaintiff.  Named Plaintiff agrees to indemnify and hold harmless Defendants and the Released Parties for any taxes due or owing by Named Plaintiff on such service payment.

4.3     Each settlement payment to Participating Class Members will be reported to the IRS as follows: 50% of such payment will be designated as wages for tax purposes and each person will receive an IRS Form W-2 for this portion of the settlement payment in the normal course of business; and 50% of such payment will be designated as liquidated damages for tax purposes and each person will receive an IRS Form 1099 for this portion of the settlement payment, if required, in the normal course of business.  The TPA will calculate and deduct from the payments the amounts of tax withholding regarding the 50% attributable to wages, and any payment for the Defendants' share of payroll taxes shall be deducted from the Net Settlement Fund.  The TPA shall apply IRS tax withholdings permitted for processing class action wage claims.  All other taxes relating to the payments made pursuant to this paragraph shall be the sole responsibility of the Participating Class Members.  As to the payments reported as non-wage income, Named Plaintiff and Participating Class Members agree to indemnify and hold harmless Defendants and the Released Parties for any taxes due or owing by such Named Plaintiff and Participating Class Members on such payments.

4.4     Payments made under this Agreement are not intended to and will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under any bonus, pension, and retirement programs of Defendants or 401(k) plans that may be maintained by Defendants, their parents or affiliates.   Nor will such payments count as earnings or compensation with respect to, or be considered to apply to, or be applied for purposes of any bonus, pension, and retirement programs of Defendants or 401(k) plans that may be maintained by Defendants, their parents or affiliates.   Defendants retain the right, if necessary, to modify the language of their benefit plans and pension, bonus and other programs, if necessary, to make clear that any amounts paid pursuant to this Settlement Agreement are not for hours worked, hours paid or any similar measuring term as defined by any plans and programs for purposes of eligibility, vesting, benefit accrual or any other purpose.   Nothing in this Agreement shall be deemed to reinstate employment or change the dates of employment for any individual not currently employed by Defendants.

## V.     NOTICE TO THE CLASS MEMBERS & RIGHT TO OBJECT

5.1     Within fourteen (14) days of the Parties executing this Agreement, the Defendants shall provide the names, last known mailing addresses, and social security numbers to Class Counsel in Excel format for the Collective Class members and Rule 23 Class Members. Within fourteen (14) days after the Preliminary Approval Date, the TPA shall send the Notices, including the Claim and Release Forms, in the forms attached hereto as Exhibit B, to Collective Class Members and Rule 23 Class Members via first class mail.   Included with the Notice shall be a self-addressed, postage prepaid envelope for return of the Claim and Release Form to the TPA.    Twenty (20) days after the TPA mails the Notices, the TPA shall mail a reminder postcard to persons who have not returned Claim and Release Forms.

5.2     The Notice attached as Exhibit B will explain how each Collective Class Member's and Rule 23 Class Member's settlement share was calculated based on the Plan of Allocation and will provide an opportunity for the Collective Class Member or Rule 23 Class

Member to opt-out of the Settlement so that they can separately pursue their claims, if any, against Defendants if they choose.  It will also inform the Collective Class Member and Rule 23 Class Member of what the Released Claims are against the Released Parties.  The Notice to the Collective Class Members and Rule 23 Class Members will also inform them of the date of the Fairness Hearing and the process for objecting to the Settlement.

5.3     Each Notice shall also provide Collective Class Members and Rule 23 Class Members with the Class Counsel's contact information and a tollfree number to obtain more information regarding the Notice.

5.4     Class Counsel shall inform Defense Counsel on the day that Notice was mailed to the Collective Class Members and Rule 23 Class Members.

## VI.     CLAIM, FUNDING PROCESS & NONPARTICIATION

6.1     A Collective Class Member's and Rule 23 Class Member's Claim and Release Form must be post-marked, or returned via facsimile or e-mail, by the Claim Deadline.   Within seven (7) days after the Claim Deadline, the TPA shall provide to Class Counsel and Defense Counsel the executed Claim and Release Forms (including forms where any such person "opts-out" of the Settlement), along with an Excel spreadsheet reflecting the gross payout from the Net Settlement Fund for each Participating Class Member.

6.2     Any Rule 23 Class Member's objection to the Settlement must be post-marked, or returned via facsimile or e-mail, by the Claim Deadline.  The TPA shall provide Class Counsel a copy of any objection upon its receipt per the requirements set forth in the Notice, and Class Counsel shall timely file said objections with the Court.

6.3     Within seven (7) days after Final Approval, and consistent with the Court's Final Approval Order, the TPA shall inform Defendants of the amount of funds necessary to make: (a) distributions to the Participating Class Members (including funds necessary to cover employer payroll taxes); payments to Class Counsel set forth in Section 3.1; payment of the service award to Named Plaintiff set forth in Section 4.2; and payment to the TPA for its costs associated with

processing the Notice and payments set forth in this Settlement Agreement.  Within (14) days of the Final Approval, the Defendants shall transfer this amount of funding to the TPA per its instructions.

6.4     The TPA shall make payments to the Participating Class Members by the Payment Deadline.  The face of each check sent to Participating Class Members, or bolded language of a notice enclosed with each check, shall clearly state that the check must be cashed within one-hundred and twenty (120) calendar days.

6.5     Participating Class Members shall have one-hundred and twenty (120) calendar days from the date the settlement checks are mailed to them by the TPA to cash or otherwise negotiate their settlement checks.  If any such Participating Class Member does not cash or otherwise negotiate either check within that 120-day period, such checks will be void and a stop-pay notice will be placed on such unnegotiated checks.  In such event, those Participating Class Members will be deemed to have waived irrevocably any right in or claim to settlement funds, and any such funds shall revert from the TPA to the Defendants.  Such Participating Class Members who returned a Claim and Release Form indicating their desire to participate in the Settlement, but did not cash or otherwise negotiate either check, will nevertheless be bound by this Agreement and the Release provisions contained herein.

6.6     Collective Class Members or Rule 23 Class Members who return a Claim and Release Form indicating their desire to not participate in the Settlement will be deemed to have waived irrevocably any right in or claim to any funds under this Settlement, but will not be deemed to have waived their right to assert any of the Released Claims against any of the Released Parties in a separate legal proceeding if they so choose.

6.7     Collective Class Members who do not return a Claim and Release Form, or fail to timely return a Claim and Release Form by the Claim Deadline, will not participate in the Settlement and will be deemed to have waived irrevocably any right in or claim to any funds under this Settlement, but will not be deemed to have waived their right to assert any of the

Released Claims against any of the Released Parties in a separate legal proceeding if they so choose.

## VII.   **RELEASES BY CLASS MEMBERS**

7.1      By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those non-waivable by law, the Named Plaintiff, and her respective heirs, beneficiaries, designees, legatees, executors, administrators, successors-in-interest, and assigns hereby irrevocably and unconditionally forever and fully release, and covenant not to sue, Defendants and the Released Parties for the Released Claims.

7.2      By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those non-waivable by law, the Participating Class Members, and their respective heirs, beneficiaries, designees, legatees, executors, administrators, successors-in-interest, and assigns hereby irrevocably and unconditionally forever and fully release, and covenant not to sue, Defendants and the Released Parties for, the Released Claims.

7.3      By operation of this Agreement and except as to such rights or claims as may be created by this Agreement or those non-waivable by law, Rule 23 Class Members who do not return a Claim and Release Form, or fail to timely return a Claim and Release Form by the Claim Deadline, and their respective heirs, beneficiaries, designees, legatees, executors, administrators, successors-in-interest, and assigns hereby irrevocably and unconditionally forever and fully release, and covenant not to sue, Defendants and the Released Parties for the Released Claims, *except for* any claims they might have under the FLSA against the Released Parties.

## VIII.   **NON-ADMISSION**

8.1      Defendants expressly deny any wrongdoing associated with the claims in the Civil Action and make no admission of liability.  Defendants maintain that they have complied with applicable federal, state, and local laws at all times.  It is expressly understood and agreed by the Parties that this Agreement is being entered into by Defendants solely for the purpose of avoiding the cost and disruption of ongoing litigation and defending any claims asserted in this

Civil Action.  Nothing in this Agreement, the settlement proposals exchanged by the Parties, or any motions filed or orders entered pursuant to this Agreement, may be construed or deemed as an admission by Defendants of any liability, culpability, negligence, or wrongdoing and this Agreement, including its provisions, its execution, and implementation, including any motions filed or orders entered, shall not in any respect be construed as offered or deemed admissible as evidence, or referred to in any arbitration or legal proceeding for any purpose, except in an action or proceeding to approve, interpret, or enforce this Agreement.

8.2     In the event the Court does not approve this Agreement, the Parties agree this Agreement is not meant to be, and will not be, construed as an admission that Defendants are liable for liquidated damages or any other damages.  Further, in the event the Court does not approve this Agreement, Defendants reserve the right to deny they engaged in activity that would warrant liquidated damages or any other damages.

8.3     In the event that the Court does not approve this Agreement, the Parties agree Defendants reserve the right to contest certification, including conditional certification, of the Collective and Rule 23 Classes.  Further, nothing in this Agreement, nor information exchanged solely in support of this agreement or within settlement negotiations, shall be utilized to prosecute or defend against the claims in the Civil Action.

## IX.    DUTIES OF THE PARTIES TO OBTAIN COURT APPROVAL

9.1     In connection with seeking Preliminary Approval by the Court of the Settlement, and consistent with any direction provided by the Court, Class Counsel and Defense Counsel will submit a proposed Order for the Court's review and consideration attached hereto as Exhibit A granting conditional collective and class certification; and preliminarily approving the Agreement; adjudging the terms thereof to be fair, reasonable and adequate; and directing consummation of its terms and provisions regarding Notice to the Collective Class Members and Rule 23 Class Members.

9.2     In connection with seeking Final Approval by the Court of the Settlement, and consistent with any direction provided by the Court, Class Counsel and Defense Counsel will submit a proposed Order for the Court's review and consideration granting final approval to the Agreement; adjudging the terms thereof to be fair; reasonable and adequate; directing consummation of its terms and provisions; dismissing the Civil Action on the merits and with prejudice and permanently bar all Participating Class Members, and Rule 23 Class members who do not opt-out of the settlement, from prosecuting against any Released Parties any of the Released Claims; and for the Court to retain jurisdiction to enforce the terms of the Agreement.

## X.     PARTIES' AUTHORITY

10.1    The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

10.2    All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations, which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of Class Counsel and Defense Counsel, who have jointly prepared this Agreement.

## XI.     MUTUAL FULL COOPERATION

11.1    The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents, and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## XII.     SETTLEMENT OF DISPUTES

12.1    All disputes relating to this Agreement and its implementation shall be within the continuing jurisdiction of the Court over the terms and conditions of this Agreement, until all payments and obligations contemplated by the Agreement have been fully carried out.

## XIII.  **NOTICES**

13.1    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Named Plaintiff or any other Class Member:

Brendan J. Donelon
DONELON, P.C.
4600 Madison, Ste. 810
Kansas City, MO 64112
816-221-7100
Facsimile: 816-709-1044
brendan@donelonpc.com

Brandon J.B. Boulware
Erin D. Lawrence
Boulware Law
1600 Genessee, Suite 416
Kansas City, MO 64102
Tel: (816) 492-2826
Fax: (816) 492-2826
brandon@boulware-law.com
erin@boulware-law.com

To the Defendants:

Tyler C. Hibler
Jessica L. Barranco
HUSCH BLACKWELL LLP
4801 Main Street,
Suite 1000
Kansas City, MO 64112-2551
Direct:  816.983.8325
Fax:  816.983.8080
Tyler.Hibler@huschblackwell.com
Jessica.barranco@huschblackwell.com

## XIV.   AMENDMENTS/MODIFICATION

14.1    No waiver, modification, or amendment of the terms of this Agreement and/or its attachments shall be valid or binding unless in writing, signed by and on behalf of all of the Parties, and then only to the extent set forth in such written waivers, modifications, or amendments, and approved by the Court.

## XV.   ENTIRE AGREEMENT

15.1    This Agreement, its attachments, constitute the entire agreement between the Parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement.  In the event of any conflict between this Agreement and any other Settlement-related document, the Parties intend that this Agreement shall be controlling.

## XVI.   CONTINUING JURISDICTION

16.1    The Parties request that the Court retain continuity and exclusive jurisdiction over the Parties for the purposes of the administration and enforcement of this Agreement.  Approval of the Agreement will not depend upon the Court granting this request and the fact that the Court declines to exercise such jurisdiction will not impact the enforceability of this Agreement.

## XVII.  COUNTERPARTS

17.1    This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

## XVIII. NO THIRD-PARTY BENEFICIARIES

18.1    This Agreement shall not be construed to create rights in, or to grant remedies to, or to delegate any duty, obligation, or undertaking established herein to any third party as a beneficiary of this Agreement.

XIX. **BINDING AGREEMENT**

19.1    This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and assigns.

XX. **VOIDING THE AGREEMENT**

20.1    In the event this Agreement, or any amended version agreed upon by the Parties does not obtain judicial approval for any reason, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all Parties.

XXI. **PUBLIC COMMENTS AND STATEMENTS TO THE MEDIA**

21.1    The Parties' negotiations and the terms of this Settlement Agreement shall be held confidential other than necessary disclosures made to the Court.   Class Counsel, the Named Plaintiff, and each Participating Class Member hereby covenant that they will not issue, nor cause to be issued, any statements to the public or media regarding the Settlement or any of its terms, including statement on any website(s) or via social media.

XXII. **GOVERNING LAW**

22.1    This Agreement, and the exhibits hereto, shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed in the State of Kansas, and the rights and obligations of the Parties shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of Kansas without giving effect to that state's choice of law principles.

XXIII. **PRIVACY OF DOCUMENTS AND INFORMATION**

23.1    Named Plaintiff and Class Counsel agree that they will not disclose to any third parties, or use for any purpose, documents and information obtained in the course of the litigation, including information exchanged pursuant to settlement discussions, except that this Section shall not apply in any action to enforce or interpret the terms of this Agreement, and also shall not apply to the extent that any party is required by subpoena or other legal process to

disclose this information (in which event, the Party receiving any such subpoena, order, or other legal process shall give written notice to the other Party pursuant to the provisions of Section 13 at least seven (7) days prior to responding).  The terms of the Agreed Protective Order, as approved by the Court, shall continue to remain in full force and effect, notwithstanding anything to the contrary in this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____, 2021

By:_____
Edward J. Gieselman

Dated: _____, 2021

Jose Pepper's Restaurants, LLC

By:_____
Printed Name:_____
Title:_____

Dated: ___June 14___, 2021

By:_____
Named Plaintiff Kira Florece

Dated: _____, 2021

BOULWARE LAW

By:_____
Brandon Boulware
1600 Genessee, Suite 416
Kansas City, MO 64102

21

disclose this information (in which event, the Party receiving any such subpoena, order, or other legal process shall give written notice to the other Party pursuant to the provisions of Section 13 at least seven (7) days prior to responding). The terms of the Agreed Protective Order, as approved by the Court, shall continue to remain in full force and effect, notwithstanding anything to the contrary in this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____June 18_____, 2021

By: _____
Edward J. Gieselman

Dated: _____June 18_____, 2021

Jose Pepper's Restaurants, LLC

By: _____
Printed Name: _____
Title: _____

Dated: _____June 14_____, 2021

By: _____
Named Plaintiff Kira Florece

Dated: _____, 2021

BOULWARE LAW

By: _____
Brandon Boulware
1600 Genessee, Suite 416
Kansas City, MO 64102

21

disclose this information (in which event, the Party receiving any such subpoena, order, or other legal process shall give written notice to the other Party pursuant to the provisions of Section 13 at least seven (7) days prior to responding).   The terms of the Agreed Protective Order, as approved by the Court, shall continue to remain in full force and effect, notwithstanding anything to the contrary in this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____, 2021

By: _____
Edward J. Gieselman

Dated: _____, 2021

Jose Pepper's Restaurants, LLC

By: _____
Printed Name: _____
Title: _____

Dated: _____, 2021

Dated: ___ June 18 ___, 2021          BOULWARE LAW

By: _____
Brandon Boulware
1600 Genessee, Suite 416
Kansas City, MO 64102

21

disclose this information (in which event, the Party receiving any such subpoena, order, or other legal process shall give written notice to the other Party pursuant to the provisions of Section 13 at least seven (7) days prior to responding). The terms of the Agreed Protective Order, as approved by the Court, shall continue to remain in full force and effect, notwithstanding anything to the contrary in this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _____, 2021

By: _____
Edward J. Gieselman

Dated: _____, 2021

Jose Pepper's Restaurants, LLC

By: _____
Printed Name: _____
Title: _____

Dated: June 14, 2021

By: _____
Named Plaintiff Kira Florece

Dated: _____, 2021

BOULWARE LAW

By: _____
Brandon Boulware
1600 Genessee, Suite 416
Kansas City, MO 64102

21

Dated: __6 -17__, 2021

DONELON, P.C.

By: _____

Brendan J. Donelon
4600 Madison, Ste. 810
Kansas City, MO 64112

Attorneys for the Named Plaintiff & Collective Class
Members & Rule 23 Class Members

22

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **KIRA FLORECE** )<br>*on behalf of herself and others* )<br>*similarly situated*, )<br> )<br>        Plaintiff, )<br> )<br>vs. )<br> )<br>**JOSE PEPPER'S RESTAURANTS,** )<br>**L.L.C.** and **EDWARD J.** )<br>**GIESELMAN**, )<br> )<br>        Defendants. ) | Case No.:  2:20-cv-2339 |

_____

## ORDER DETERMINING GOOD FAITH AND GRANTING
## <u>PRELIMINARY APPROVAL OF STIPULATION OF SETTLEMENT</u>

The Court now takes up the Plaintiff's *Unopposed Motion for Preliminary Approval of Stipulation of Settlement Agreement and Release.*  After review of said Motion and the supporting memorandum, the Court hereby finds as follows:

A.      On **[***insert date of filing***]**, the Named Plaintiff Kira Florece and Defendants Jose Pepper's Restaurants, LLC and Edward J. Gieselman filed with this Court a *Stipulation of Settlement Agreement and Release* ("Settlement").

B.      In Plaintiff's Unopposed Motion for Preliminary Approval, the Parties are seeking conditional certification under § 216(b) of the Fair Labor Standards Act, 20 U.S.C. § 201, *et seq.* ("FLSA") on behalf of employees who worked as servers at Defendants' nine restaurants located in Kansas.  The Parties are also seeking class certification under F.R.Civ.P. 23 for claims asserted on behalf of employees who worked as servers at Defendant's four restaurants in Missouri for claims brought under the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq.* ("MMWL").

C.      This Court has duly considered all of the submissions presented with respect to the Settlement.

D.     All capitalized terms in this Order Determining Good Faith and Granting Preliminary Approval Stipulation of Settlement with respect to the Settlement that are not otherwise defined have the same meaning as in the *Stipulation of Settlement Agreement and Release* document submitted by the parties.

NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.     For the reasons set forth in the Memorandum in Support of the Parties' Joint Motion for Preliminary Approval of Settlement Stipulation, this Court finds that the Named Plaintiff sufficiently met the requirements of § 216(b) of the FLSA establishing that employees of Defendants who worked as servers at its nine Kansas restaurants are "similarly situated" regarding their claims for minimum wage and overtime and hereby grants preliminary conditional certification for the following class of employees:

> All persons who worked as hourly nonexempt servers at Defendants' thirteen restaurant locations in the state of Kansas from May 21, 2018 through May 21, 2021.

2.     This Court also finds that the Named Plaintiff has sufficiently met the numerosity, commonality, typicality, and adequacy elements under Rule 23(a) and the predominance and superiority elements under Rule 23(b)(3) regarding the claims asserted by Missouri servers under the MMWL.  Specifically, the class is sufficiently numerous that joinder is impracticable.  The members share common issues of fact and law.  The Named Plaintiff has claims that are typical of those of the class since they arise out of the same policies and practices and course of conduct of which all class members complain.  The Named Plaintiff is an adequate representative of their respective classes since her interests are co-extensive with those of the class members and are not in conflict with them.  Named Plaintiff has also retained experienced counsel to represent the class.  Questions of law and fact common to the class predominate over individualized issues,

and class treatment is a superior way to fairly and efficiently adjudicate this controversy.  In turn,

Named Plaintiff Kira Florece is appointed as Rule 23 class representative for the following class

of employees:

> All persons who worked as hourly nonexempt servers at Defendants' four restaurant
> locations in the State of Missouri from July 7, 2017 through May 21, 2021.

3.      These findings warrant preliminary certification to effectuate the terms of the

Settlement.  Both the FLSA collective class and the Rule 23 class are collectively referred to

herein as the "Settlement Classes."

4.      Attorneys Brendan J. Donelon of the law office of DONELON, P.C. and Brandon

Boulware and Erin Lawrence of BOULWARE LAW are appointed as class counsel.

5.      The Settlement appears to be fair, reasonable, and adequate.  It is in the best

interests of the Settlement Classes and should be preliminarily approved.  This is true especially

in the light of the benefits to the Settlement Classes accruing therefrom; the substantial discovery

and investigation conducted by Class Counsel prior to the proposed Settlement; the complexity,

expense, risks, and probable protracted duration of further litigation; and given the financial

condition of the Defendants, the Plaintiff's ultimate ability to collect.

6.      The Court has reviewed the terms and conditions of the Parties' Settlement,

including the monetary relief provisions, the Plan of allocation, the Released Claims, and the

Parties' detailed description of the Settlement regarding the claims regarding the Settlement

Classes.  Based on these papers and the Court's familiarity with this case, the Court finds that the

proposed Settlement is the result of extensive, arms-length negotiations between the Parties after

Class Counsel and Defendants' counsel had fully investigated the claims and become familiar

with the strengths and weaknesses of Named Plaintiff's claims.  The assistance of an experienced

mediator, John Phillips, and the length of the mediation process confirms that the settlement is

not collusive.  Based on all these factors, the Court finds that the proposed settlement has no obvious defects and is within the range of possible settlement approval such that notice to the Settlement Classes as set forth in the Settlement is appropriate.

7.      For purposes of the Settlement, the Court approves Simpluris, Inc. as the Third Party Administrator ("TPA").

8.      The Notice and Claims and Release Forms attached as Exhibit B to the Settlement fully and accurately inform the Settlement Classes of all material elements of the action and the proposed Settlement.

9.      The Notice form regarding the Collective Class Members and the Rule 23 Class Members also advises them of their right to not participate in the Settlement and informs them of their right to assert an objection at a Fairness Hearing to be held before this Court.  The Settlement Classes must exercise their right to opt-out of the Settlement within 45 days of the mailing of the Notice.

10.     The Parties propose to disseminate Notices for all Settlement Classes via first class mail to the last known addresses.  The Parties also propose sending a reminder postcard to all members of the Settlement Class twenty days after the initial mailing of the Notice.  This Court finds that the form and method of disseminating the Notices to the Settlement Classes, as provided in the Settlement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

11.     The Court also finds that the proposed form and content of the Claim and Release Forms fully comport with the requirements of applicable federal and state law.

12.     Based on the foregoing, the proposed Notices and Claim and Release Forms attached as Exhibit B are hereby approved by the Court.

13.     Within fourteen (14) days after entry of this Order, the TPA shall mail the Notices by first class mail to the last known addresses of each Class Member.

14.     The Court schedules a fairness hearing on_____, 2021, at _____ [a.m./p.m.] to address:  (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Collective Class Members and Rule 23 Class Members; and (b) Class Counsel's application for attorneys' fees, expenses and service award for Named Plaintiff.

Dated this _____ day of _____, 2021.     **SO ORDERED:**

_____

Hon. Angel Mitchell
Magistrate Judge
United States District Court

# EXHIBIT B

*Kira Florece, et al. v. Jose Pepper's Restaurants, LLC, et al.*
Case number: 2:20-cv-02339
United States District Court for the District of Kansas
[Notice for the Collective Class]

# Settlement Notice

| 1. | Why did I get this Notice? |
|---|---|

You were sent this Notice because the parties in the class action lawsuit listed above ("Lawsuit") brought by Kira Florece ("Plaintiff") against Jose Pepper's Restaurants, LLC and its owner Edward J. Gieselman ("Defendants") has settled. This Lawsuit alleged that hourly servers at Defendants' nine Jose Pepper's restaurants in Kansas were required to work off the clock and were not provided adequate notice of how wages were to be paid to tipped employees under the law. The Plaintiff alleged that this denied class members minimum wages and overtime under the wage laws. This Notice is to inform you that a settlement agreement was reached and preliminarily approved by the Court on _____, 2021.

| 2. | Does the settlement mean that Defendants violated the law? |
|---|---|

No. Defendants deny they violated any law, ordinance, or rule with respect to compensation and maintain they have at all times properly compensated Plaintiff and all other persons. Nevertheless, Defendants have decided it is a better use of their resources to resolve this matter now, so they can direct their time and resources to their business operations.

| 3. | How did the parties decide to reach a settlement? |
|---|---|

The Plaintiff and Defendants agreed to settle the Lawsuit in mediation. By this agreement, the Parties avoid the cost and uncertainty of further litigation, trial, and appeals. Counsel for Defendants and counsel for Plaintiff negotiated the terms of the settlement described in this Notice. The attorneys for Plaintiff Florece believe that the proposed settlement is fair and reasonable and in the best interest of you and the other server employees because the settlement creates a settlement fund and avoids the considerable risks and delays involved in continuing the Lawsuit. From the perspective of Defendants, settling now means that they will not have to keep spending money, time and effort on the Lawsuit.

| 4. | What are My Choices? |
|---|---|

| Check the **"Participate" Box** on the enclosed *Claim & Release Form.*<br><br>or | If you *want to participate* in this settlement and receive your settlement payment, you will need to check the "Participate" box on the enclosed Claim & Release Form and return it by _____, **2021**. Your estimated gross settlement payment is **$****.** How this amount was determined is explained below. Half of this amount will be paid as lost wages with payroll taxes taken out and for which an IRS Form W-2 will be issued to you. The other half will be paid as liquidated damages permitted under the law, from which no tax withholdings will be made and for which an IRS Form 1099 will be issued to you. Checks for these amounts will be mailed to you within 30 days of the Court granting final approval of this Settlement. |
|---|---|
| Check the **"Opt-out" Box** on the enclosed *Claim/Opt-out Form.*<br><br>or | If you *do not want to participate* in this settlement and reject your settlement payment, you will need to check the "Opt-out" box on the enclosed Claim & Release Form and return by _____, 2021. By doing so, you will not be releasing your claims against Defendants set forth below in Section 5. You will be free to pursue your claim individually. |
| **Do Nothing.** | If you do nothing, you will not be releasing your claims against Defendants set forth below in Section 5. You will be free to pursue your claims individually. |

The class is made up of an estimated 1,998 servers employed by Defendants at its Missouri and Kansas restaurants. Defendants have agreed to pay a total of $1,750,000 to settle this matter. Under the terms of the Settlement of this Lawsuit, which has been preliminarily approved by the Court, counsel for Plaintiff will receive 33% of the total amount of

the Settlement in attorneys' fees plus reimbursement of an estimated $13,154.330 in out-of-pocket costs associated with the Lawsuit. Plaintiff Florece will receive an additional amount of $2,000 for taking the risk to file this Lawsuit on behalf of all class members, exposing her name in this litigation and working with counsel to pursue your claims for allegedly unpaid wages. The remaining estimated $1,135,845.67 will be divided among all class members on a pro-rata basis. Pro-rata shares were based primarily on calculations made by an expert retained by Plaintiff using collective class members' dates of employment, payroll records, and information provided by such members about the number of pre and/or post-shift minutes worked off-the-clock per shift. Plaintiff's expert applied a multiplier of 1.3 to the amount of minimum wage and overtime owed for servers working at Missouri locations. The reason for this multiplier is based upon these claims being asserted under Missouri's wage laws. Unlike the federal wage laws applying to Kansas servers (note: there is no Kansas state law applicable to these claims), Missouri's law mandates a three year statute of limitations (opposed to the federal two-year) and mandates triple payment as liquidated damages (as opposed to the federal law's double). For these reasons, a multiplier of 1.3 applied to the Missouri class members' damages reflects the greater value of their claims under Missouri's compared to the federal. No class member shall receive a gross payment of less than $50.00.

Neither counsel for Plaintiff nor Defendants can provide you with tax advice, so if you have any questions about the tax consequences of any payment you receive, you should consult your own tax professional. These payments will not be made unless and until all the terms of the Settlement have been met.

| 5. | What claims am I releasing? |
| --- | --- |

If you elect to participate in this Settlement, you agree that you have waived and released Defendants and all entities or individuals related to Defendants from all wage-related claims of whatever nature, whether known or unknown, as a result of actions or omissions through and including the Claim Deadline, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including, but not limited to, the FLSA, the MMWL, the KWPA, and any other federal, state, or local wage and hour or wage payment laws, including any and all claims thereunder for unpaid overtime, liquidated damages, unpaid wages, deductions, minimum wages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, missed meal periods, missed rest breaks, breach of contract, quantum meruit or retaliation related to wage claims, the prompt pay laws of any state, and other alleged wage and hour violations, and any claims related to the Employment Retirement Income Security Act of 1974, as amended ("ERISA").

| 6. | Fairness Hearing & Objections to the Settlement. |
| --- | --- |

The Judge presiding over this Lawsuit, the Hon. _____, will conduct a Final Fairness Hearing at _____ [a.m./p.m.] on _____, 2021 in Division ___ of the United States District Court of Kansas federal courthouse located at 500 State Ave., Kansas City, KS 66101. At this hearing, the Judge will decide whether the settlement is sufficiently fair and reasonable to warrant final court approval. You are not required or expected to attend the Fairness Hearing.

If you wish to object to the proposed settlement, you must submit a written objection to the Claims Administrator Simpluris, Inc. [**address**]. The envelope containing your written objection must be postmarked by _____, 2021. Your written objection must include your name, your address, a statement describing the reasons for your objection, and any other documents you believe the Judge should consider in evaluating the settlement's fairness. If you return a written objection, the Judge will consider your objection whether or not you attend the Fairness Hearing. If you intend to personally attend and speak during the hearing you should clearly indicate this in your written objection.

| 7. | Questions about this Notice?    Who is the class Counsel? |
| --- | --- |

If you have questions about this notice or want a copy of the complete Agreement, you can contact the court approved company administering this settlement, Simpluris, Inc. at **800-000-0000**. The Court approved class counsel are Brendan J. Donelon, DONELON, P.C., 4600 Madison, Ste. 810 Kansas City, MO 64112 and Brandon Boulware and Erin Lawrence of BOULWARE LAW, 1600 Genessee, Ste. 416, Kansas City, MO 64102.

*Florece, et al. v. Jose Pepper's Restaurants, LLC, et al.*
*2:20-cv-2339*
United States District Court of Kansas

# Claim & Release Form

[*insert name and mailing address*]

Corrected Mailing Address:

_____

_____

_____

### Select one of the two options below by checking the box.

☐ **Participate**   I desire to participate in this Settlement, which means I accept the terms of the Settlement, including my consent to join the action under the Fair Labor Standards Act, accept the amount of my settlement payment set forth in the Notice, and in return will Release my claims, as set forth in Section 5 of the Notice, against the Releasees.

☐ **Opt-Out**   I wish to exclude myself from, or opt out of, the Class. I understand that by opting out, I will be excluded from the Class Settlement and will receive no money from the Settlement.  I understand that if I opt out, I may bring a separate lawsuit.  I understand that in any separate lawsuit, it is possible that I may receive nothing or less than I would have received if I had filed a claim under the settlement in this Lawsuit.  I understand that any separate lawsuit by me will be undertaken at my own expense and at my own risk.  I understand that Class Counsel will not represent my interests if I opt out.

_____          _____
Signature                                                                         Date (mm/dd/yyyy)

After completing this <u>Claim and Release Form</u>, mail it in the enclosed self-addressed, postage prepaid envelope so that it is postmarked no later than [***insert time deadline***] to _____.  Or, you can email it to _____ or fax it to _____.

KEEP A COPY OF THIS FORM FOR YOUR RECORDS.  YOU MAY WISH TO REQUEST A RETURN RECEIPT FROM THE POST OFFICE

*If you relocate after submitting this Claim and Release Form but before receiving money from the settlement, please notify Simpluris, Inc. of your new address to ensure that the check is forwarded to you.*

***Kira Florece, et al. v. Jose Pepper's Restaurants, LLC, et al.***
Case number: 2:20-cv-02339
United States District Court for the District of Kansas
[Notice for the Rule 23 Class]
# Settlement Notice

| 1. | Why did I get this Notice? |
|----|---------------------------|

You were sent this Notice because the parties in the class action lawsuit listed above ("Lawsuit") brought by Kira Florece ("Plaintiff") against Jose Pepper's Restaurants, LLC and its owner Edward J. Gieselman ("Defendants") has settled. This lawsuit alleged that servers at Defendants' four Jose Pepper's restaurants in Missouri were required to work off the clock and were not provided adequate notice of how wages were to be paid to tipped employees under the law. The Plaintiff alleged that this denied class members minimum wages and overtime under the wage laws. This Notice is to inform you that a settlement agreement was reached and preliminarily approved by the Court on _____, 2021.

| 2. | Does the settlement mean that Defendants violated the law? |
|----|------------------------------------------------------------|

No. Defendants deny that they violated any law, ordinance, or rule with respect to compensation and maintains they have at all times properly compensated Plaintiff and all other persons. Nevertheless, Defendants have decided that it is a better use of their resources to resolve this matter now, so that they can direct their time and resources to their business operations.

| 3. | How did the parties decide to reach a settlement? |
|----|---------------------------------------------------|

The Plaintiff and Defendants agreed to settle the Lawsuit in meditation. By this agreement, the Parties avoid the cost and uncertainty of further litigation, trial, and appeals. Counsel for Defendants and counsel for Plaintiff negotiated the terms of the settlement described in this Notice. The attorneys for Plaintiff Florece believe that the proposed settlement is fair and reasonable and in the best interest of you and other server employees because the settlement creates a settlement fund and avoids the considerable risks and delays involved in continuing the Lawsuit. From the perspective of Defendants, settling now means that they will not have to keep spending money, time, and effort on the Lawsuit.

| 4. | What are My Choices? |
|----|----------------------|

| | |
|---|---|
| **Check the "Participate" Box on the enclosed *Claim & Release Form*.**<br><br>**or** | If you *want to participate* in this settlement and receive your settlement payment, you will need to check the "Participate" box on the enclosed Claim & Release Form and return it by _____, **2021**. Your estimated gross settlement payment is **$\*\*\*\***. How this amount was determined is explained below. Half of this amount will be paid as lost wages with payroll taxes taken out and for which an IRS Form W-2 will be issued to you. The other half will be paid as liquidated damages permitted under the law, from which no tax withholdings will be made and for which an IRS Form 1099 will be issued to you. Checks for these amounts will be mailed to you within 30 days of the Court granting final approval of this Settlement. |
| **Check the "Opt-out" Box on the enclosed *Claim/Opt-out Form*.**<br><br>**or** | If you *do not want to participate* in this settlement and reject your settlement payment, you will need to check the "Opt-out" box on the enclosed Claim & Release Form and return it by _____, 2021. By doing so, you will not be releasing your claims against Defendants set forth below in Section 5. You will be free to pursue your claim individually. |
| **Do Nothing.** | If you do nothing, you will be releasing all the claims set forth in Section 5 below which include your claims under Missouri's wage and hour laws, however, you will not be releasing any claims you might have under the Fair Labor Standards Act. |

The class is made up of 1,998 servers employed by Defendants at its Missouri and Kansas restaurants. Defendants have agreed to pay a total of $1,750,000 to settle this matter. Under the terms of the Settlement of this Lawsuit, which has been preliminarily approved by the Court, counsel for Plaintiff will receive 33% of the total amount of the Settlement in attorneys' fees plus reimbursement of an estimated $13,154.33 in out-of-pocket costs associated with the Lawsuit. Plaintiff Florece will receive an additional amount of $2,000 for taking the risk to file this Lawsuit on behalf of all class members, exposing her name in this litigation and working with counsel to pursue your claims for allegedly unpaid wages. The remaining $1,135,845.67 will be divided among all class members on a pro-rata basis. Pro-rata shares were based primarily on calculations made by an expert retained by Plaintiff using collective class members' dates of employment, payroll records, and information provided by such members about the number of pre and/or post-shift minutes worked off-the-clock per shift. Plaintiff's expert applied a multiplier of 1.3 to the amount of minimum wage and overtime owed for servers working at Missouri locations. The reason for this multiplier is based upon these claims being asserted under Missouri's wage laws. Unlike the federal wage laws applying to Kansas servers (note: there is no Kansas state law applicable to these claims), Missouri's law mandates a three year statute of limitations (as opposed to the federal two-year) and mandates triple payment as liquidated damages (as opposed to the federal law's double). For these reasons, a multiplier of 1.3 applied to the Missouri class members' damages reflects the greater value of their claims under Missouri's compared to the federal. No class member shall receive a gross payment of less than $50.00.

Neither counsel for Plaintiff nor Defendants can provide you with tax advice, so if you have any questions about the tax consequences of any payment you receive, you should consult your own tax professional. These payments will not be made unless and until all the terms of the Settlement have been met.

| 5. | What claims am I releasing? |
|---|---|

If you elect to participate in this Settlement, you agree that you have waived and released Defendants and all entities or individuals related to Defendants from all wage-related claims of whatever nature, whether known or unknown, as a result of actions or omissions through and including the Claim Deadline, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, including, but not limited to, the FLSA, the MMWL, the KWPA, and any other federal, state, or local wage and hour or wage payment laws, including any and all claims thereunder for unpaid overtime, liquidated damages, unpaid wages, deductions, minimum wages, premium pay, interest, attorneys' fees, injunctive relief, or penalties related to overtime, missed meal periods, missed rest breaks, breach of contract, quantum meruit or retaliation related to wage claims, the prompt pay laws of any state, and other alleged wage and hour violations, and any claims related to the Employment Retirement Income Security Act of 1974, as amended ("ERISA").

| 6. | Fairness Hearing & Objections to the Settlement. |
|---|---|

The Judge presiding over this Lawsuit, the Hon. _____, will conduct a Final Fairness Hearing at _____ [a.m./p.m.] on _____, 2021 in Division ___ of the United States District Court of Kansas federal courthouse located at 500 State Ave., Kansas City, KS 66101. At this hearing, the Judge will decide whether the settlement is sufficiently fair and reasonable to warrant final court approval. You are not required or expected to attend the Fairness Hearing.

If you wish to object to the proposed settlement, you must submit a written objection to the Claims Administrator Simpluris, Inc. [**address**]. The envelope containing your written objection must be postmarked by _____, 2021. Your written objection must include your name, your address, a statement describing the reasons for your objection, and any other documents you believe the Judge should consider in evaluating the settlement's fairness. If you return a written objection, the Judge will consider your objection whether or not you attend the Fairness Hearing. If you intend to personally attend and speak during the hearing you should clearly indicate this in your written objection.

| 7. | Questions about this Notice?     Who is the class Counsel? |
|---|---|

If you have questions about this notice or want a copy of the complete Agreement, you can contact the court approved company administering this settlement, Simpluris, Inc. at **800-000-0000**. The Court approved class counsel are Brendan J. Donelon, DONELON, P.C., 4600 Madison, Ste. 810 Kansas City, MO 64112 and Brandon Boulware and Erin Lawrence of BOULWARE LAW, 1600 Genessee, Ste. 416, Kansas City, MO 64102.

*Florece, et al. v. Jose Pepper's Restaurants, LLC, et al.*
*2:20-cv-2339*
United States District Court of Kansas

# Claim & Release Form

[*insert name and mailing address*]                    Corrected Mailing Address:

_____

_____

_____

**Select one of the two options below by checking the box.**

☐ **Participate**    I desire to participate in this Settlement, which means I accept the terms of the Settlement, including my consent to join the action under the Fair Labor Standards Act, accept the amount of my settlement payment set forth in the Notice, and in return will Release my claims, as set forth in Section 5 of the Notice, against the Releasees.

☐ **Opt-Out**    I wish to exclude myself from, or opt out of, the Class. I understand that by opting out, I will be excluded from the Class Settlement and will receive no money from the Settlement.  I understand that if I opt out, I may bring a separate lawsuit.  I understand that in any separate lawsuit, it is possible that I may receive nothing or less than I would have received if I had filed a claim under the settlement in this Lawsuit.  I understand that any separate lawsuit by me will be undertaken at my own expense and at my own risk.  I understand that Class Counsel will not represent my interests if I opt out.

_____          _____
Signature                                                              Date (mm/dd/yyyy)

After completing this Claim and Release Form, mail it in the enclosed self-addressed, postage prepaid envelope so that it is postmarked no later than [***insert time deadline***] to _____.  Or, you can email it to _____ or fax it to _____.

KEEP A COPY OF THIS FORM FOR YOUR RECORDS.  YOU MAY WISH TO REQUEST A RETURN
RECEIPT FROM THE POST OFFICE

*If you relocate after submitting this Claim and Release Form but before receiving money from the settlement, please notify Simpluris, Inc. of your new address to ensure that the check is forwarded to you.*