IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIRA FLORECE, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOSE PEPPER'S RESTAURANTS, LLC, et al.,<br><br>Defendants. | Case No. 20-2339-ADM |

ORDER GRANTING FINAL APPROVAL OF
AMENDED STIPULATION OF SETTLEMENT AGREEMENT & RELEASE

Plaintiff Kira Florece ("Florece"), on behalf of herself and others similarly situated, asserts that defendants Jose Pepper's Restaurants, LLC ("Jose Pepper's") and Edward J. Geiselman ("Geiselman") violated the Fair Labor Standards Act ("FLSA") and Missouri Minimum Wage Law ("MMWL"). The parties reached a settlement in May 2021. This matter comes before the court on Florece's oral unopposed motion for final approval of the Amended Stipulation of Settlement Agreement and Release ("Amended Agreement"), made during the final fairness hearing held on January 5, 2022 (ECF 96). (ECF 98.)

After the parties reached a settlement, the court conditionally certified the FLSA collective action (Kansas restaurant servers), preliminarily certified the MMWL class action (Missouri restaurant servers), appointed Florece as class representative, and appointed Florece's attorneys as joint class counsel. (ECF 93.) However, the court declined to preliminarily approve the parties' original settlement agreement at that time because the information before the court regarding the parties' plan to allocate damages to class and collective members was insufficient, and certain

provisions in the agreement needed to be revised, including some language in the proposed class notices and claim forms.

After the parties addressed the court's concerns and revised their agreement, the court issued an order preliminarily approving the Amended Agreement (ECF 91-1). (ECF 94.) In that order, the court set forth the grounds for preliminarily approving the FLSA settlement for the Kansas server collective (*see id.* at 5-19) and the MMWL settlement for the Missouri server Rule 23 class (*see id.* at 19-22). As to the $1,750,000 gross settlement fund, the court analyzed and approved the method of allocating settlement proceeds among all collective and class members, as well as Florece's request of 33% of the fund for attorneys' fees, $13,154.33 for costs and expenses, $2,000 for a service award, and $21,500 for third party administrator Simpluris, Inc.'s costs incurred in administering the notice, processing the claims, and issuing all payouts along with IRS forms W-2 and 1099. The court also approved the parties' proposed notices to collective and class members, the delivery method for those notices, and the claim and objection process. As set forth in the notices and the Amended Agreement, collective and class members were required to submit a claim or objection by December 27, 2021. Finally, the court set a fairness hearing on January 5, 2022, to provide collective and class members with the opportunity to address the fairness of the Amended Agreement and raise objections.

On January 3, 2022, Florece filed a Status Report (ECF 95) stating that no written objections were submitted to Simpluris, Inc. by the December 27 deadline. This report also stated that no other form of objection was provided to Simpluris, Inc. by that date, and no written or other form of objection was provided to class counsel.

On January 5, the court convened the fairness hearing. Florece's counsel appeared in person, and defendants' counsel appeared by telephone. No objectors appeared.

The court, having duly considered the parties' submissions, finds that the Amended Agreement is a fair, adequate, and reasonable resolution of a bona fide dispute in contested litigation. **IT IS THEREFORE ORDERED** that Florece's oral unopposed motion for final approval of the Amended Agreement (ECF 98) is granted for the reasons set forth more fully in the court's prior order (ECF 94) and on the record.

**IT IS FURTHER ORDERED** that:

1. For the reasons set forth more fully in the court's prior order (ECF 93), the court grants final certification under Federal Rule Civil Procedure 23 for the following MMWL class:

> All persons who worked as hourly nonexempt servers at defendants' four restaurant locations in the state of Missouri from July 7, 2017, through May 21, 2021.

2. For the reasons set forth more fully in the court's prior order (ECF 93), the court grants final certification under 29 U.S.C. § 216(b) for the following FLSA class:

> All persons who worked as hourly nonexempt servers at defendants' nine restaurant locations in the state of Kansas from May 21, 2018, through May 21, 2021.

3. Pursuant to the terms of the Amended Agreement, the court grants final approval of the attorneys' fees award in the amount of $577,500, $13,154.33 for expenses and costs, $2,000 as a service award to Florece, and $21,500 for costs and expenses for Simpluris, Inc.

4. Within fourteen days after this Order, defendants shall transfer all necessary funds to Simpluris, Inc. to cover attorneys' fees in the amount of $577,500, $13,154.33 for expenses and costs, $2,000 for the service award to Florece, $21,500 for costs and expenses for Simpluris, Inc., and all funds necessary to cover the costs of all claims made by the Participating Class Members, as defined in the Amended Agreement, that were timely received, as agreed upon by the parties.

5. All Participating Class Members' Released Claims are dismissed with prejudice, and all Rule 23 Class Members Released Claims are dismissed with prejudice. The preceding capitalized terms in this paragraph shall have the same meaning as in the Amended Agreement.

**IT IS SO ORDERED.**

Dated January 11, 2022, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
